UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDREW LONG,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.: 20cv1291-JLS(RBB)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL [ECF NO. 10]** |

　　　　Petitioner Edward Andrew Long has filed a request for appointment of counsel [ECF No. 10]. Petitioner requests that counsel be appointed for him because he has been unable to access the law library or obtain legal books for seven months due to the Coronavirus. (Id. at 3.)

　　　　The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Even so, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may receive court-appointed counsel when "the interests of justice so require," as determined by the court. 18 U.S.C. § 3006A(a)(2)(B); Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. Id. at 1177; Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).

Appointment of counsel is discretionary when no evidentiary hearing or discovery is necessary.  Terrovona, 912 F.2d at 1177.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196.  A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner.  Id.  In addition, the appointment of counsel may be necessary if the petitioner is of such limited education as to be incapable of presenting his claims.  Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).  When the issues involved in a section 2254 habeas action can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a motion for appointment of counsel.  Travis v. Lockhart, 787 F.2d 409, 411 (8th Cir. 1986).

In Petitioner's case, Long has sufficiently represented himself to date.  It appears that he has a good grasp of this case and the legal issues involved.  At this stage of the proceedings, it appears the Court will be able to properly resolve the issues presented on the basis of the state court record.  Under these circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel because it is simply not warranted by the interests of justice.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

Based on the foregoing, the Court finds that the interests of justice do not require the appointment of counsel.  Petitioner's request for appointment of counsel is, therefore, **DENIED.**

**IT IS SO ORDERED**.

Dated:  October 28, 2020

Hon. Ruben B. Brooks
United States Magistrate Judge