UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDREW LONG,<br><br>                    Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>                    Respondent. | Case No.:  20cv1291-JLS(RBB)<br><br>**REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 14]** |

On November 30, 2020, Respondent Marcus Pollard, Warden, filed a Motion to Dismiss Petition for Writ of Habeas Corpus in which he requested dismissal of Petitioner Edward Andrew Long's Petition on the basis that the Petition contained unexhausted claims that were pending before the California Supreme Court [ECF No. 14].  On February 1, 2021, Petitioner filed an opposition to Respondent's motion [ECF No. 18]. For the reasons set forth below, this Court recommends that Defendants' Motion to Dismiss be **DENIED**.

**I.      BACKGROUND**

Petitioner initiated this action on July 8, 2020, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1].  His Petition alleges five grounds for relief:  (1) the trial court erred by admitting evidence of uncharged acts,

(2) the trial court erred in its jury instruction regarding homicide, (3) ineffective assistance of trial and appellate counsel for failure to challenge a sentence enhancement, (4) ineffective assistance of trial counsel for failure to enter a plea of not guilty by reason of insanity, and (5) ineffective assistance of appellate counsel for failure to challenge the sufficiency of the evidence regarding premeditation.  (Pet. 10-11, 21-39, ECF No. 1.)  On November 30, 2020, Respondent filed a Motion to Dismiss in which he argued that the Petition should be dismissed as a mixed petition.  (Mot. Dismiss Attach. #1 Mem. P. & A. 1, ECF No. 14.)  Respondent contended that although grounds one through three had been exhausted in California state court, grounds four and five of the Petition remained pending before the California Supreme Court.  (Id. at 2-4.)  On February 1, 2021, Petitioner filed an opposition to the motion in which he claimed that his two unexhausted claims had "come to a conclusion in the California Supreme Court" on January 13, 2021. (Opp'n 2, ECF No. 18.)  On February 9, 2021, this Court issued an order directing Respondent to notify the Court if he intended to file an Answer or if the Court should proceed with consideration of his Motion to Dismiss.  (Order 2, ECF No. 19.)  On February 12, 2021, Respondent filed a Notice of Intention to File Answer, in which he indicated that he planned to file an Answer to the Petition by March 3, 2021 [ECF No. 20].

## II.     DISCUSSION

Under 28 U.S.C. § 2254, "An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding that federal district courts must dismiss habeas petitions containing both unexhausted and exhausted claims).  Here, when Respondent moved to dismiss the Petition, Petitioner's state habeas petition litigating grounds four and five was still pending in California Supreme Court.  (See Mot. Dismiss Attach. #1 Mem. P. & A. 3-4, ECF No. 14; see also Not. Lodgment Attach. #9, Long v. Pollard, S265202 (Cal. filed Oct. 26, 2020), at 3-4, 8-13.)  Therefore, at that time, the Petition was mixed.  On

January 13, 2021, however, the California Supreme Court denied the state petition.  (See Opp'n 2, ECF No. 18; see also California Courts, Appellate Courts Case Information https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2332067&doc_no=S265202&request_token=NiIwLSEmTkw9WyAtSCI9TE1IMDg0UDxTJSNOTzpTUCAgCg%3D%3D (last visited Feb. 18, 2021).)  Therefore, grounds four and five are now fully exhausted.  In view of Respondent's intention to file an Answer rather than proceed with his Motion to Dismiss, and because the Petition now contains only exhausted claims, Respondent's Motion to Dismiss should be **DENIED AS MOOT**.

### III.   CONCLUSION

Based on the foregoing, the Court recommends that Respondent's Motion to Dismiss be **DENIED AS MOOT**.

This Report and Recommendation will be submitted to the Honorable Janis L. Sammartino, United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before March 5, 2021.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before March 15, 2021.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 19, 2021

Hon. Ruben B. Brooks
United States Magistrate Judge