UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDREW LONG,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>　　　　　　　　　Respondent. | Case No.: 20-CV-1291 JLS (RBB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING AS MOOT RESPONDENT'S MOTION**<br><br>(ECF Nos. 14, 21) |

Presently before the Court is Respondent Marcus Pollard's Motion to Dismiss Petition for Writ of Habeas Corpus ("Mot.," ECF No. 14), as well as Petitioner Edward Andrew Long's opposition thereto ("Opp'n," ECF No. 18) and Respondent's Notice of Intention to File Answer (ECF No. 20). Magistrate Judge Ruben B. Brooks has issued a Report and Recommendation advising the Court to deny as moot Respondent's Motion ("R&R," ECF No. 21). No Party filed objections to the R&R.

## BACKGROUND

Judge Brooks' R&R contains an accurate recitation of the relevant background. *See* R&R at 1–2. This Order incorporates by reference the background as set forth therein.

///

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

No party filed timely objections to the R&R. *See* R&R at 3 (providing that any party may file objections on or before March 5, 2021). The Court therefore reviews the R&R for clear error.

Respondent moved to dismiss on the ground that the Petition should be dismissed as a mixed petition, as, at the time the Motion was filed, grounds four and five of the Petition were still pending before the California Supreme Court. *See generally* Mot. However, on February 1, 2021, Petitioner filed an opposition indicating that, on January 13, 2021, his unexhausted claims were ruled on by the California Supreme Court. *See* Opp'n at 2. Magistrate Judge Brooks issued an order directing Respondent to disclose whether he planned to proceed with his Motion or file an answer. *See generally* ECF No. 19. Respondent indicated he planned to file an answer. *See* ECF No. 20.[1] Because Petitioner's claims were now fully exhausted and in light of Respondent's intention to file an answer, Magistrate Judge Brooks recommended that the Motion be denied as moot. *See* R&R at 3.

///

---

[1] Respondent did, in fact, file an answer on March 10, 2021. *See* ECF No. 24.

The Court finds no clear error in the R&R.  Accordingly, the Court **ADOPTS** the R&R and **DENIES AS MOOT** Respondent's Motion.

## CONCLUSION

In light of the foregoing, the Court **ADOPTS** Magistrate Judge Brooks' R&R (ECF No. 21) and **DENIES AS MOOT** Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (ECF No. 14).

**IT IS SO ORDERED.**

Dated:  March 15, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge